U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

FEB 24 2014

TONY R. MOORE, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

PRINCETON EXCESS & SURPLUS         CIVIL ACTION NO: 13-0955
LINES INSURANCE CO.

VERSUS                              JUDGE DONALD E. WALTER

MEHENDI LLC ET AL.                  MAGISTRATE JUDGE KAY

## MEMORANDUM ORDER

Before the court is a Motion to Dismiss [Doc. #8] filed by the Defendant, Corey James Lapoint ("Lapoint"). Plaintiff, Princeton Excess & Surplus Lines Insurance Co. ("PESLIC") opposes the motion. [Doc. #10]. For the reasons assigned herein, Lapoint's motion is hereby **GRANTED**.

## BACKGROUND INFORMATION

The above captioned matter is a complaint for declaratory judgment filed by PESLIC requesting that this court determine whether insurance coverage exists under a policy issued by PESLIC to Mehendi, LLC ("Mehendi").

Mehendi is the owner of Baymont Inn & Suites in Lake Charles, Louisiana. Lapoint has alleged that on or about March 20, 2012, he was on the premises of the hotel when he was allegedly injured after a housekeeping employee threw a load of wet towels and sheets down the stairs, striking him in the back of the head, and knocking him down the stairs. On July 20, 2012, Lapoint filed suit in the 14th Judicial District for Calcasieu Parish against Shraddha, LLC d/b/a Baymont Inn & Suites and XYZ Insurance Company. [Doc. #9 at 1]. On August 28, 2012, Lapoint filed his First Supplemental and Amending Petition to correctly name Mehendi as the owner of the hotel. [Doc. #9-1]. Thereafter, Mehendi made a demand to PESLIC that it provide a legal defense. [Doc. #10 at

2]. By letter dated November 21, 2012, PESLIC agreed to provide a defense as required under the policy, but reserved its rights under the policy including all terms, limitations, and exclusions contained therein. [Doc. #10-4 , Ex. D].

On May 8, 2013, PESLIC filed this instant declaratory judgment action. [Doc. #1]. At the time of filing PESLIC was not named as a defendant in the state court lawsuit. Two months later, on June 21, 2013, Lapoint filed a Motion for Leave to File his Second Supplemental and Amending Petition wherein PESLIC is officially named as Mehendi's insurer. [Doc. #9-2].

Also relevant to the instant matter is that on May 3, 2013, allegedly without PESLIC's knowledge, Mehendi filed for Chapter 11 bankruptcy protection. [Doc. #10, Ex. E]. On June 11, 2013, on motion by PESLIC, the bankruptcy court lifted the automatic stay as to the instant declaratory judgment action. [Doc. #20-1].

Lapoint moves to dismiss PESLIC's complaint for declaratory judgment and requests that the court abstain pursuant to *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942).

## LAW AND ANALYSIS

The Declaratory Judgment Act provides that in a case of actual controversy within its jurisdiction, a federal district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Declaratory Judgment Act confers unique and substantial discretion on the courts, not an absolute right of a litigant. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-288 (1995). "In the declaratory judgment context, the normal principal that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* Whether the court should exercise its discretion turns on whether the question in controversy

2

between the parties to the federal suit can be better settled in the proceeding pending in state court. *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003).

The court's discretion is broad, but it is not unfettered. *St. Paul Insurance, Co. v Trejo*, 39 F.3d 585, 590 (5th Cir. 1994). Relevant factors this Court must consider in determining whether to dismiss a declaratory judgment action include: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *Id.* at 590-91.

In *Sherwin-Williams*, the Fifth Circuit discussed the seven *Trejo* factors, noting that they, like the factors enumerated by the other circuits, address the three primary considerations of *Brillhart*: (1) the proper allocation of decision-making between state and federal courts; (2) fairness; and (3) efficiency. *Sherwin-Williams*, 343 F.3d at 390. In this case, the *Brillhart* considerations and the *Trejo* factors favor abstention.

The first *Trejo* factor speaks to the proper allocation of decision making between state and federal courts. *Sherwin-Williams*, 343 F.3d at 391-92. Where a federal declaratory judgment action raises only issues of state law and there is a state court action pending where all of the issues may be fully litigated, the state court should decide the matter and the federal court should exercise its discretion and dismiss the federal suit. *Id.* at 390-91.

3

In the instant matter the state court lawsuit involves the same parties and provides a forum to litigate the same state law issue; interpretation of a contract under Louisiana law. PESLIC is named as a defendant in the state court proceeding and has raised the issue of coverage as a defense. The court does not find controlling the fact that Lapoint failed to officially name PESLIC as a defendant in the state court proceeding until after the declaratory judgment complaint was filed. PESLIC had notice as early as November 21, 2012, some six months prior to the filing of the declaratory judgment action, that it would likely be named in the state court proceeding. PESLIC could have intervened in the state court matter or filed a declaratory action with the same state court. Moreover, the court does not agree that a stay of the state court proceeding due to Mehendi's bankruptcy renders the state court incapable of fully litigating all of the matters in controversy. At most it merely delays the litigation. However, PESLIC could request relief from the automatic stay so that the state court could decide the issue of coverage. Accordingly, the first *Trejo* factor weighs in favor of abstention.

The second, third, and fourth *Trejo* factors concern whether the plaintiff "is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds." *Sherwin-Williams*, 343 F.3d at 392. There is no indication of anything improper or unfair in PESLIC's filing of a declaratory judgment action. Thus, the second, third, and fourth *Trejo* factors have a neutral effect in this instance.

The fifth *Trejo* factor speaks to the convenience of the forum. PESLIC is a Delaware corporation with its principle place of business in New Jersey. Mehendi is a Louisiana limited liability company with its principle place of business in Louisiana. Thus, the state and federal forums are equally convenient for witnesses. PESLIC argues that the federal forum is more

4

convenient because it can file and view documents electronically on PACER. The court takes judicial notice that the 14th Judicial District Court allows litigants to fax-file documents, and offers the ability to view scanned court records online. Thus, the court finds the fifth *Trejo* factor to be neutral.

The sixth *Trejo* factor concerns whether the court's consideration of the declaratory judgment action would serve the purposes of judicial economy. *Sherwin-Williams*, 343 F.3d at 388. As noted *supra*, all of the parties are now named in the state court petition and all of the claims may be fully litigated in that forum. The sixth Trejo factor favors abstention.[1]

Accordingly, after weighing the *Trejo/Brillhart* factors, this court will abstain from deciding the issue of whether insurance coverage exists for Lapoint's claims.

## CONCLUSION

For the reasons stated, Lapoint's Motion to Dismiss [Doc. #8] is hereby **GRANTED**. PESLIC's declaratory judgment action is hereby **DISMISSED**. The clerk is ordered to close this matter.

**THUS DONE AND SIGNED**, this 24 day of February, 2014.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[1] The seventh *Trejo* factor is not relevant to this case.

5